# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MELISSA ACEVEDO,**

        **Plaintiff,**

v.                                         **Case No:  6:17-cv-1945-Orl-28DCI**

**SIMOES DAVILA, PLLC,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. 31)** |
| **FILED:** | August 17, 2018 |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

**I.  Background**

Plaintiff worked for Defendant as a legal secretary and paralegal between August 21, 2017 and October 13, 2017.  Doc. 1 at ¶¶ 18-19.  Plaintiff alleged that she regularly worked more than 40 hours per work week, but Defendant failed to pay her time-and-a-half for all overtime hours she worked.  *Id*. at ¶¶ 20-21, 32.  Further, Plaintiff alleged that Defendant terminated her for complaining about overtime wages.  *Id*. at ¶¶ 25, 44.  In light of these allegations, Plaintiff asserted the following claims against Defendant: Count I – unpaid overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207; and Count II – retaliation in violation of the FLSA, 29 U.S.C. § 215(a)(3).  *Id*. at 4-7.

Plaintiff submitted answers to the Court's interrogatories asserting that Defendant failed to pay her a total of $1,235.72 in overtime wages during the relevant period. Doc. 21 at 3. Thus, Plaintiff asserted that she was entitled to recover that amount plus an equal amount in liquidated damages – i.e., a total of $2,471,44 – for her claim for unpaid overtime wages. *Id*.

The parties reached a settlement at mediation. Doc. 30.

Following mediation, the parties filed a joint motion to approve their settlement along with their settlement agreement. Doc. 31 at 1-5 (the Motion), 6-11 (the Agreement). Under the Agreement, which is limited to Plaintiff's claim for unpaid overtime wages,[1] Plaintiff will receive $450.00 in unpaid wages, $450.00 in liquidated damages, and $4,000.00 in attorney fees, in exchange for a limited release of all FLSA claims she has or may have against Defendant. *Id*. at 2, 7-8. The parties argued that the settlement represents a fair and reasonable resolution of Plaintiff's overtime claim, and, as a result, they requested that the Court grant the Motion, approve the settlement, and dismiss the Complaint with prejudice. *Id*. at 4.

**II.     Law**

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[2] *Lynn's Food*

---

[1] The parties stated that they entered into a "separate, confidential settlement agreement governing the retaliation claim in this case." Doc. 31 at 2. It is well established that "[a] settlement of FLSA retaliation claims does not require court approval, so long as the settlement does not contaminate the settlement of an FLSA back wage claim." *Thompson v. Dealer Mgmt. Servs., Inc.*, Case No. 6:16-cv-1468-Orl-40KRS, 2016 WL 7644856, at *1 (M.D. Fla. Dec. 13, 2016) (citing authority), *report and recommendation adopted* 2017 WL 37941 (M.D. Fla. Jan. 4, 2017). There is nothing in the record that suggests that Plaintiff's settlement of her retaliation claim has contaminated her settlement of her overtime claim. Thus, there is no need to further address Plaintiff's separate settlement of her retaliation claim.

[2] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

*Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id.* at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[3]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[4] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the

---

[3] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

**III.   Analysis**

    **A. The Settlement**

Plaintiff alleged that she worked more than 40 hours per week for Defendant, but Defendant failed to pay her time-and-a-half for all overtime hours she worked. Doc. 1. Defendants denied Plaintiff's allegations. Doc. 19. Thus, this case involves disputed issues of liability under the FLSA, creating a bona fide dispute over the FLSA's provisions.

The parties have been represented by counsel throughout the case, engaged in full discovery, including review of Plaintiff's time and pay records, and took part in private mediation, at which they settled the case. Doc. 31 at 1-2. The parties agreed that Plaintiff will receive $450.00 in unpaid wages and $450.00 in liquidated damages in exchange for releasing Defendant from all FLSA claims she has or may have against Defendant. *Id*. at 2, 7-8. Although the parties did not clearly articulate why Plaintiff agreed to compromise her claim for overtime wages, the parties did engage in full discovery, including review of Plaintiff's time and pay sheets. *Id*. at 1-2. Thus, it appears that the parties had sufficient opportunity to review the merit of the claims and defenses at issue in this case. Further, the Agreement shows that the parties also agreed to settle this case to avoid further litigation. *Id*. at 6. In light of the foregoing, the undersigned finds that the settlement is a fair and reasonable compromise of Plaintiff's claim for unpaid overtime wages. Accordingly, it is **RECOMMENDED** that the Court find the settlement is a fair and reasonable resolution of Plaintiff's FLSA overtime claim.

### B. The Other Terms of the Agreement

Plaintiff has agreed to release all FLSA claims she has or may have against Defendant, nothing more. Doc. 31 at 7. The limited scope of the release allays any concern that Plaintiff may be giving up an unknown, but valuable, claim that is wholly unrelated to her wage claim. *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *see also Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012). Further, the Agreement does not contain any other provisions that are often found to undermine the fairness and reasonableness of an FLSA settlement – e.g., confidentiality and non-disparagement provisions. *See* Doc. 31 at 6-11. Thus, it is **RECOMMENDED** that the Court find that none of the other terms of the Agreement affect the overall fairness and reasonableness of the settlement.

### C. Attorney Fees and Costs.

Plaintiff's counsel will receive a total of $4,000.00 in attorney fees under the Agreement. Doc. 31 at 2, 8. The parties state that the attorney fees were "negotiated separately from, and without regard to, the amount paid to Plaintiff in her FLSA claim." *Id*. at 3. The settlement is reasonable to the extent previously discussed, and the parties' foregoing statement adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amounts Plaintiff is receiving under the Agreement. *See Bonetti*, 715 F. Supp. 2d at 1228. Therefore, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

## IV. Conclusion

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 31) be **GRANTED**;

2. The Court find the Agreement (Doc. 31 at 6-11) to be a fair and reasonable settlement of Plaintiff's claim for unpaid overtime wages under the FLSA;

3. The case be **DISMISSED with prejudice**; and

4. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **The parties may file a notice of no objection in they have no objection to this Report and Recommendation.**

Recommended in Orlando, Florida on September 10, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy